IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASIA GAINES, for herself and as next friend of her minor child, "JC," | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 19-cv-00775 |
| v. | ) ) | Judge John Z. Lee |
| THE CHICAGO BOARD OF EDUCATION; KRISTEN A. HAYNES; and JUANITA TYLER, | ) ) ) ) | Magistrate Sheila M. Finnegan |
| Defendants. | ) ) | **Jury Demand** |

## PLAINTIFFS' MOTION FOR DISCOVERY

Plaintiffs, through undersigned counsel, respectfully move this Court for an Order granting leave for discovery to proceed. In support of their motion, plaintiffs state as follows:

**I.   INTRODUCTION**

This case is set for initial status hearing tomorrow, May, 7, at 9:00AM.  Defendant Haynes has answered plaintiffs' amended complaint.  Defendant Board of Education ("the Board") has moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).  During the parties' recent 26(f) conference, counsel represented that that the Board, joined by defendant Haynes, plans to move the Court to stay discovery while the Board's motion pends.  For the reasons set forth below, plaintiffs oppose a complete stay on discovery.

**II.   APPLICABLE LAW**

The grounds for staying or limiting discovery listed in Fed. R. Civ. Pro. 26 *do not include* the legal sufficiency of a complaint.  *Taco Bell Corp*., 147 FRD 154, 158 (N. D. Ill. 1993)(emphasis added).  The court's authority to stay discovery must be exercised so as to

1

secure the just, speedy and inexpensive determination of every action. *Builder's Assoc. of Greater Chicago v. City of Chicago*, 170 F. R. d. 435, 437 (N. D. Ill. 1996). Where the court finds that interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere. *Id.*

The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion. *Walsh v. Heilmann*, 472 F. 3d 504, 505 (7th Cir. 2006); *SK Hand Tool Corporation v. Dresser Industries*, 852 F. 2d 936, 945 (7th Cir. 1988); Judge Lee's Standing Order on Discovery Motions ("the pendency of a motion, such as a motion to dismiss, does not operate as a stay on discovery"). Whether a stay of discovery should be granted during the pendency of a motion to dismiss is determined by the facts of each case. *Taco Bell Corp.*, 147 FRD at 162. Defendants must show good cause for a stay of discovery. *U. S. ex re: Schutte v. Supervalue, Inc.*, 2016 U. S. Dist LEXIS 91377, at *4 (N. D. Ill. July 14, 2016).

A stay of discovery is generally only appropriate where a party raises potentially dispositive threshold issues, such as jurisdiction, standing, and qualified immunity. *Tamburo v. Dworkin*, 2010 U. S. Dist. LEXIS 121510, at *1 (N. D. Ill. 2010); *DSM Desotech, Inc. v. 3D Systems Corp.*, 2008 U. S. Dist. LEXIS 87473, at *2 (N. D. Ill. 2008). While courts refuse to speculate about the outcome of a motion to dismiss, they do evaluate whether the issues raised in a motion to dismiss are – or are not - the threshold issues typically identified by courts when deciding whether a stay of discovery is appropriate. *O'Conner v. Eden Mgmt.*, 2014 U. S. Dist. LEXIS 156141, at *6 (N. D. Ill. Nov. 4, 2014); *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, 2014 U. S. Dist. LEXIS 62168, at *7 (N. D. Ill. May 6, 2014); *Niederhoffer Intermarket Fund v. Chicago Mercantile Exchange,* 1999 U. S. Dist. LEXIS 14305, at *4 (N. D. Ill. Aug. 31, 1999). In other words, a plaintiff's right to discovery before a ruling on a motion to

2

dismiss may be stayed when the requested discovery is "unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F. R. D. 575, 577-78 (N. D. Ill. 1993). Finally, discovery should not be stayed where, even if the movant is dismissed from the case, it would still be asked to provide much of the discovery information that plaintiffs would seek (i.e., by way of third-party subpoenas). *O'Conner*, 2014 U. S. Dist. LEXIS 156141, at *8.

**III.   ARGUMENT**

The facts and procedural posture of this case do not support a stay of discovery as to the Board. First, defendant Board's motion does not raise potentially dispositive, threshold issues that would make a stay of discovery appropriate at this time. (Motion at 2). Board's motion is not jurisdictional, does not raise the issue of qualified immunity, and does not raise the issue of standing as to the primary plaintiff, the minor JC. While the Board's motion raises the issue of standing as to Asia Gaines in the only count in which she sues on her own behalf (count III), it does not raise any standing issues as to JC or any of the claims Ms. Gaines asserts on his behalf, as his mother and next friend. Since the Board's motion does not raise dispositive issues and since standing is not an issue as to the primary plaintiff, the motion should be denied.

Second and related, in this case the written discovery plaintiffs intend to seek is *not* "unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F. R. D. at 577-78 (emphasis added). For example, the Board's motion argues that plaintiffs' *Monell* count I fails to properly plead a *de facto* policy or widespread practice in that plaintiffs do not allege more than a single, recent incident of excessive force against a Chicago Public Schools student. (Motion at 5-6). The Board also argues that the statistical data summarized in the complaint is too old to establish an inference of a causal nexus with the plaintiff's incident. (Id. at 7-8). In

3

light of these arguments and of the potential need to re-plead, plaintiffs plan to request at least the following written, *Monell*-related discovery immediately:

- a reasonable number of recent, administrative complaints by other students and parents alleging excessive force or corporal punishment, including the discipline imposed, if any, in those instances; and

- more recent aggregate data for CPS schools, up until the incident date, of the number of such complaints, the number sustained, the type of discipline imposed in each instance, and the number of terminations.[1]

Plaintiffs will need this and other *Monell*-related written discovery regardless of whether the Court grants the Board's motion. That is because, even when courts, including this one, grant a defendant's motion to dismiss a *Monell* claim, they do so without prejudice and give plaintiff the chance to re-plead. *Johnson v. Korte*, 2017 U. S. Dist. LEXIS 138294, at *14-15 (N. D. Ill. Aug. 29, 2017) (Lee, J.); *White v. Chicago*, 2014 U. S. Dist. LEXIS 31738, at *10-11 (N. D. Ill. March 12, 2014) (Lee, J.); and *Coleman v. City of Chicago*, 2014 U. S. Dist. LEXIS 101348, at *10-11 (N. D. Ill. July 25, 2014) (Lee, J.). Assuming *arguendo* that the Board's motion is granted, plaintiffs will need the written discovery identified above in order to re-plead. Indeed, according to the Board, this is the very discovery that would produce plausible facts (assuming they exist) that would cure the deficiencies in plaintiffs' amended complaint. (Motion at 5-8). On the other

---

[1] The Board previously thwarted plaintiffs' legitimate effort to obtain this very information, which it now conveniently blames plaintiffs for including in their complaint. In order to be able to plead the very causal nexus that the Board now accuses plaintiffs of failing to plead, plaintiffs filed a pre-suit FOIA request with CPS requesting this data, and CPS denied it *in toto*. A copy of the request and response is attached hereto as Appendix A. The Board should not be permitted to argue simultaneously that plaintiffs' complaint be dismissed for lack of this data *and* that plaintiffs be prevented from getting it to cure the alleged deficiency.

4

hand, assuming *arguendo* the Board's motion to dismiss the *Monell* count is denied, then plaintiffs will need this discovery to prove their claim.[2]

Third, there is no reason to stay discovery as to the remaining defendants, Haynes and Tyler[3], which is precisely the effect that a stay as to the Board would produce. Haynes has answered plaintiffs' complaint. Thus, all of plaintiffs' claims against Haynes will proceed, and there is no reason to delay discovery as to Haynes or Tyler. However, during the parties' 26(f) conference, counsel for Haynes argued that discovery should be stayed as to Haynes because, if it is stayed as to the Board, then Haynes will effectively be prevented from obtaining documents and information from the Board (in response to plaintiffs' discovery requests), which has custody and control of most of the documents and information relevant to plaintiffs' claims. (Email from Walsh to Hofeld on 5/1/19 at 3:56PM). This is true. If the Court stays discovery as to the Board or as to all defendants, then plaintiffs would be prevented from obtaining at least the following written discovery that they need and plan to request shortly in order to prove their claims against defendants Haynes and Tyler (and other claims against the Board):

- The Board's complete investigative file for the incident involving Haynes and plaintiff, which includes interviews with the parties and witnesses and the Board's investigative findings and any disciplinary decisions regarding Haynes;

- Haynes' complete personnel file, including all administrative complaints against her, her complete disciplinary history, performance history and training history;

---

[2] Plaintiffs' statement in the Parties' Joint Status Report that *Monell* discovery as to the Board "can be stayed" was not intended to be unqualified and requires clarification. (At 5). Plaintiffs do not need either oral discovery or full, written discovery of their *Monell* claim at this time. It should be clear, however, from the Board's motion and from the discussion above that plaintiffs need sufficient written discovery to re-plead, should the Court dismiss count I.

[3] Haynes is currently in default.

5

- JC's complete CPS academic and disciplinary history and school attendance records;

- Records indicating which security and administrative personnel were on duty when Tyler was allowed access into the school building;

- Board policies on allowing non-CPS employees and/or relatives who are not legal guardians to have contact with students, policies regarding visitor's sign-in/ sign-out and visitors' passes, and policies regarding contacting/informing parents when a student requires discipline/is disciplined;

- School forms and paperwork completed by JC's parent(s) since he has been a student at Tilton Elementary School; and

- Inspection of Haynes classroom, including JC's desk and the closet where Haynes stored the belts used to beat JC.

Plaintiffs will need all of this discovery from the Board directly or indirectly, even if, *arguendo,* the Board is dismissed from the case. Thus, Haynes' argument for stay is factually correct: a stay as to the Board would operate as a stay to all defendants. However, this argument does not support Haynes' position; it is another reason why the Court should not stay discovery as to any defendant. Granting a stay of discovery as to the Board would significantly slow the determination of the case in that the inevitable discovery as to Haynes and Tyler would not proceed for several months, at least until the Court decided the Board's motion to dismiss.

WHEREFORE, plaintiffs respectfully request that the Court enter an Order granting plaintiffs and defendants: (1) leave for discovery to proceed; and (2) any other or further relief that the Court deems just.

                                Respectfully submitted,

                                /s/ Al Hofeld, Jr.
                                Al Hofeld, Jr.

*Plaintiffs' counsel*
Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite #3120
Chicago, IL 60602
Office: (773) 241-5844
Fax: (312) 372-1766
Email: al@alhofeldlaw.com
Web: alhofeldlaw.com

## NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Al Hofeld, Jr., attorney for plaintiff, hereby certify that on May 6, 2019, filing and service of the foregoing ***Plaintiffs' Motion for Discovery*** was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                /s/ Al Hofeld, Jr.
                                Al Hofeld, Jr.

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite #3120
Chicago, IL 60602
Office: (773) 241-5844
Fax: (312) 372-1766
Email: al@alhofeldlaw.com
Web: alhofeldlaw.com