IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASIA GAINES, for herself and as next friend of her minor child, "JC", <br><br>    *Plaintiffs*, <br><br>        v. <br><br>CHICAGO BOARD OF EDUCATION, KRISTIN A. HAYNES, and JUANITA TYLER, <br><br>    *Defendants*. | Case No. 19-cv-00775 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Sheila M. Finnegan |

**NON-PARTY CBS BROADCASTING INC.'S UNOPPOSED MOTION TO STAY ENFORCEMENT OF THE MAGISTRATE JUDGE'S MEMORANDUM OPINION <u>AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (Dkt. 206)</u>**

BRYAN CAVE LEIGHTON PAISNER LLP
Brian A. Sher
Steven G. Trubac
161 N Clark Street, Ste 4300
Chicago, IL 60601
Phone: (312) 602-5000
Fax: (312) 602-5050
brian.sher@bclplaw.com
steve.trubac@bclplaw.com

BALLARD SPAHR LLP
Jay Ward Brown (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Phone: 202-661-2200
Fax: 202-661-2299
brownjay@ballardspahr.com

*Counsel for non-party CBS Broadcasting Inc.*

Non-party CBS Broadcasting Inc. ("CBS2"), by and through counsel, hereby submits this motion to stay enforcement of the Magistrate Judge's Memorandum Opinion and Order (Dkt. 206) ("Order"), which directs CBS2 to produce by this Friday, May 13, the "raw, unpublished video/audio footage" (*id.* at 1) of statements made by JC and Defendant Juanita Tyler in interviews with CBS2.

Counsel for CBS2 contacted counsel for all parties to determine if there was any objection to the relief requested. No party objects to the requested relief.

## **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72(a), CBS2 simultaneously has filed with this Court its Objections to the Magistrate Judge's Memorandum Opinion and Order Granting Plaintiffs' Motion to Compel ("Objections"). Rule 72 and this Court's Local Rules are silent with respect to whether the filing of such objections automatically stays such an order. What is clear, however, is that, if a subpoenaed party complies with an order granting a motion to compel, the subpoenaed party "must perform some fancy footwork to explain why its objection is not moot." *E.g.*, *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 156-57 (N.D. Ill. 1993). The Order directs CBS2 to produce the materials in question by this Friday, May 13. Accordingly, to best ensure that it preserves its Objections for consideration by the District Court (and potentially by the Court of Appeals) without placing itself in contempt during the pendency of those Objections, CBS2 has filed this separate motion to stay the Order pending final resolution of the Objections. *See id.* at 157 ("[d]efendant could have attempted to temporarily avoid compliance with the order by either objecting to the magistrate judge's order denying its motion to stay discovery, or independently

1

moving the court for a stay of the order").[1]

## ARGUMENT

In order to obtain a stay of a magistrate judge's order,

> the Movants must establish (1) they have shown a likelihood of success on the merits of the objection; (2) they will suffer irreparable injury absent a stay; (3) there will be a lack of substantial prejudice to plaintiffs if a stay is granted; and (4) a stay will serve the public interest.

*Johnson & Johnson v. Advanced Inventory Mgmt.*, No. 20 C 3471, 2020 U.S. Dist. LEXIS 157711, at *4 (N.D. Ill. Aug. 28, 2020). All of these factors are present here.

**I.  CBS2 IS LIKELY TO SUCCEED ON THE MERITS OF ITS OBJECTIONS**

In its Objections, CBS2 identified three reasons why the portion of the Order requiring it to produce unpublished newsgathering materials should be set aside as "clearly erroneous or . . . contrary to law." *See* Fed. R. Civ. P. 72(a). Each of CBS2's arguments has substantial merit, and it therefore has established a likelihood of success on the merits.[2]

**A.  CBS2's Unpublished Newsgathering Materials Are Protected By A Federal Reporter's Privilege**

While the Seventh Circuit has never decided whether a reporter's privilege exists in the civil context, every other circuit that has considered this question has found that such a privilege exists. *See* Objections at 4 (collecting cases). Although CBS2 acknowledges the history of courts in this District interpreting *McKevitt v. Pallasch*, 339 F.3d 530 (7th Cir. 2003), as foreclosing the existence of a federal privilege in the civil context, that case in fact is inapposite

---

[1] CBS2 understands that it is not under an obligation to produce its unpublished newsgathering materials during the pendency of this motion for a stay. Therefore, assuming this motion then remains pending, CBS2 will not produce the materials on Friday. *See Cohn*, 147 F.R.D. at 157.

[2] For brevity's sake, CBS2 hereby incorporates by reference its Objections, filed simultaneously herewith, and simply summarizes here the more detailed arguments set forth in the Objections.

2

and did not resolve the specific question presented here. Objections at 3-4. CBS2 respectfully urges this Court to reconsider this interpretation and application of *McKevitt* and to hold instead that CBS2's unpublished newsgathering materials are protected from disclosure by a federal reporter's privilege grounded in the First Amendment and the common law that is applicable in this context. The Magistrate Judge's failure to find that such a privilege exists constitutes clear error demonstrating a likelihood of success on the merits of the Objections.

### B. In The Alternative, Comity Compels Courts To Consider The Illinois Reporter's Privilege In A Federal Question Case

Regardless of whether the Seventh Circuit would join with every other federal circuit to consider the question and hold that federal law recognizes a reporter's privilege in the context of this case, the Seventh Circuit has held that "comity '*impels* federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 932 (7th Cir. 2004) (quoting *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981) (emphasis added)). In fact, comity *requires* courts "not to apply the Illinois privilege, but to consider with special care the arguments for quashing the subpoena on the basis of relative hardship" under Rule 45. *Nw. Mem'l Hosp.*, 362 F.3d at 932-33 (emphasis added); *see also Mem'l Hosp. for McHenry Cnty.*, 664 F.2d at 1061.

Despite this clear direction from the Seventh Circuit, and despite the Magistrate Judge having recognized and followed that very direction in a prior case, the Order fails to give the required consideration to comity and the weight that should be given to the Illinois reporter's privilege in consideration of the burden imposed by this third-party subpoena on CBS2's newsgathering. This failure constitutes clear error demonstrating a likelihood of success on the merits of the Objections.

3

### C. The Burden On CBS2 Of Producing Its Unpublished Newsgathering Materials Outweighs Any Benefit To Plaintiffs From Production Of The Video Footage

When faced with a subpoena directed to a third party, courts are directed to consider four factors, including "whether the burden of the proposed discovery outweighs its likely benefit." *Taylor v. City of Chi.*, No. 14 C 737, 2015 U.S. Dist. LEXIS 146954, at *8-9 (N.D. Ill. Oct. 29, 2015) (citing, *inter alia*, *Patterson v. Burge*, No. 03 C 4433, 2005 U.S. Dist. LEXIS 1331, at *5-7 (N.D. Ill. Jan. 5, 2015). The Order, however, summarily dispenses with any notion that CBS2 will be burdened by compelled production of its unpublished newsgathering materials by characterizing CBS2's argument as "simply an alternate route to a reporter's privilege, [and] one that relies upon the same rationales that courts in this circuit have rejected." Dkt. 206 at 9. A court in this circumstance, however, is obligated to consider "the myriad interests" at stake when considering whether to enforce a subpoena, *see Taylor*, 2015 U.S. Dist. LEXIS 146954, at *9, including the impact of compliance with a particular subpoena on a journalist's overall ability to gather and report the news.

Having received at least 22 third-party subpoenas in civil litigation seeking discovery of its unpublished newsgathering information since just November 2019, the burden on CBS2 associated with collecting and reviewing the footage, along with the threat to CBS2's overall ability to continue gathering and reporting the news, are very real. *See* Objections at 8-12. The Magistrate Judge's failure to address and weigh these burdens against the purported benefit to Plaintiffs from receipt of the materials, particularly given the other sources from which Plaintiffs have obtained similar information, constitutes clear error demonstrating a likelihood of success on the merits of the Objections. *See Nw. Mem'l Hosp.*, 362 F.3d at 928 (rejecting as "unrealistic and incomplete" a focus exclusively on administrative burdens relating to enforcement of the specific subpoena to the exclusion of other considerations).

For all or any one of the foregoing reasons, CBS2 has established at least a likelihood of success on the merits of its Objections, thereby satisfying the first requirement for entry of an order staying the deadline for compliance with the Magistrate's Order pending final disposition of CBS2's Objections to it.

## II.     CBS2 WILL SUFFER IRREPARABLE INJURY ABSENT THE STAY

Given the non-frivolous nature of CBS2's Objections, *see Davis v. City of Springfield*, No. 04-3168, 2009 U.S. Dist. LEXIS 36756, at *7 n.1 (C.D. Ill. Apr. 28, 2009), CBS2 would be seriously harmed if it were required to choose between pursuing final adjudication of those Objections and placing itself in contempt by failing to obey the order that it produce the subpoenaed material by this Friday, May 13. Simply put, once a subpoenaed party produces the material it seeks to withhold from discovery, any objections it may have had are likely mooted, regardless of the merits of those objections. *Cohn*, 147 F.R.D. at 156-57. And where, as here, the issue is whether the material is privileged, the privilege is irretrievably lost the moment the material is produced to Plaintiffs, regardless of whether produced under a protective order or not. *See In re Grand Jury Subpoena to Risen*, 1:10CR485, 2010 U.S. Dist. LEXIS 143340, at *12, *38-40 (E.D. Va. Nov. 30, 2010) (quashing subpoena for journalist's testimony and noting court had previously granted journalist's motion to stay enforcement of subpoena); *see also Pan Am Corp. v. Delta Air Lines*, 93 Civ. 6169 (LAP), 1993 U.S. Dist. LEXIS 17224, at *4, *26 (S.D.N.Y. Dec. 7, 1993) (granting motion to stay contempt order pending appeal and quashing subpoena for unpublished newsgathering materials). Moreover, all apart from loss of the privilege as to the specific materials at issue here, a substantial part of the burden on CBS2 of compelled production of its unpublished newsgathering materials is grounded in the very real prospect that CBS2's overall ability to gather and report the news will be hampered if it is

5

viewed by the public as a tool by which litigants regularly obtain non-public information for use in court proceedings.[3] CBS2 therefore has satisfied the second requirement for staying the deadline for compliance with the Order pending final disposition of CBS2's Objections to it.

### III. PLAINTIFFS WILL NOT SUFFER SUBSTANTIAL PREJUDICE IF A STAY IS GRANTED

Plaintiffs seek CBS2's unpublished newsgathering materials for two reasons. First, with respect to JC, Plaintiffs seek the outtakes from his interview so that they may convince this Court that his statements "should be admitted into evidence at trial." Dkt. 206 at 7 (quoting Dkt. 188 at 5-6; Dkt. 193 at 3). Second, with respect to Tyler, Plaintiffs seek the outtakes from her interview for use at her deposition. Dkt. 206 at 6. Trial has not been set in this action, and Plaintiffs' deadline to conduct Tyler's deposition is more than three months away. *See* Dkt. 203 (deposition deadline extended to August 16, 2022). And deadlines in this case repeatedly have been extended, including, with respect to Tyler's deposition in particular, multiple times due to "circumstances outside of Plaintiffs' control," including that Tyler only recently obtained court-appointed counsel. *See* Dkt. 206 at 6; Dkt. 202 at 2. And those deadlines could be extended again if resolution of CBS2's Objections for some reason takes more than three months. Moreover, Plaintiffs failed to properly issue and enforce earlier subpoenas against CBS2 in this case, were dilatory in correcting their error, and delayed in moving to compel compliance, which

---

[3] It is for this reason that those cases in which courts have determined that an "attorney's eyes only" protective order or similar limitation on public distribution by the subpoenaing party of the material in question is sufficient to mitigate any harm to the party compelled to produce documents are inapposite. *See, e.g., Johnson & Johnson*, 2020 U.S. Dist. LEXIS 157711, at *10 (holding that party asserting personal privacy and commercial interests in bank records would not suffer any harm from compelled production because such records would be seen only by counsel under protective order). With respect to the reporter's privilege, it is compelled disclosure to *any* third party for purposes other than the reporting of news to the public that compromises both CBS2's interests and the public policy served by the privilege.

6

further undercuts any argument by them of prejudice from delay. *See, e.g.*, *Wozniak v. Bd. of Trs. of Univ. of Ill.*, No. 15-2275, 2018 U.S. Dist. LEXIS 227186, at *4 (C.D. Ill. June 1, 2018) ("Plaintiff's Motion is denied as it gave an unreasonable time for compliance. Plaintiff's two-year delay in subpoenaing Wilson was unreasonable. As was the allotted one-day response time given on May 3, 2018."). Accordingly, Plaintiffs will suffer no prejudice, let alone substantial prejudice, if this Court grants CBS2's request for a stay.

CBS2 therefore has satisfied the third requirement for staying the deadline for compliance with the Order pending final disposition of CBS2's Objections to it.

### IV. A STAY WILL SERVE THE PUBLIC INTEREST

Compelled disclosure of CBS2's unpublished newsgathering materials "not only burdens the news organization[] but burdens the public interest in a robust press." *Patterson*, 2005 U.S. Dist. LEXIS 1331, at *12. As the Second Circuit has explained, the federal reporter's privilege that CBS2 asserts here is grounded "in a broader concern for the potential harm to the 'paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters.'" *Gonzales v. NBC*, 194 F.3d 29, 33 (2d Cir. 1998) (quoting *Baker v. F. & F. Inv.*, 470 F.2d 778, 782 (2d Cir. 1972)). Indeed, the purpose of the Illinois reporter's privilege separately relied upon by CBS2 here "is to assure reporters access to information, thereby encouraging a free press and a well-informed citizenry." *Kelley v. Lempesis*, No. 13 CV 4922, 2015 U.S. Dist. LEXIS 107719, at *4 (N.D. Ill. Aug. 17, 2015).

Because there is a very real cost to the public interest when news organizations are hampered in their ability to gather and report the news, CBS2 therefore has satisfied the fourth requirement for staying the deadline for compliance with the Order pending final disposition of

7

CBS2's Objections to it.

## CONCLUSION

For the foregoing reasons, CBS2 respectfully requests that this Court stay the Order insofar as it compels CBS2 to produce materials responsive to the subpoena pending final disposition of CBS2's Objections to the Order.

Dated: May 10, 2022   Respectfully submitted,

*/s/ Steven G. Trubac*
Brian A. Sher
Steven G. Trubac
BRYAN CAVE LEIGHTON PAISNER LLP
161 N Clark Street, Ste 4300
Chicago, IL 60601
Phone: (312) 602-5000
Fax: (312) 602-5050
brian.sher@bclplaw.com
steve.trubac@bclplaw.com

Jay Ward Brown (*pro hac vice*)
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006-1157
Phone: 202-661-2200
Fax: 202-661-2299
brownjay@ballardspahr.com

*Counsel for non-party CBS Broadcasting Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 10, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record.

*/s/ Steven G. Trubac*
Steven G. Trubac