UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASIA GAINES, | ) |
| | ) |
| Plaintiff, | ) 19 C 775 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| CHICAGO BOARD OF EDUCATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

    For the reasons set forth below, Non-Party CBS Broadcasting Inc.'s objections [207] to the Magistrate Judge's order [206] are overruled. Non-Party CBS Broadcasting, Inc. shall produce the video footage by 10/28/2022. The status hearing set for 10/24/2022 [225] is stricken and reset for 11/18/2022 at 9:30 a.m. By 11/10/2022, the parties shall file a joint status report proposing a dispositive motion deadline and any other deadlines that ought to be set. Attorneys/Parties should appear for the 11/18/2022 hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

## STATEMENT

    The Magistrate Judge's disposition of Plaintiff Asia Gaines's motion to compel Non-Party CBS Broadcasting, Inc., to produce certain raw video footage, Doc. 188, is correct for the reasons set forth by the Magistrate Judge, Doc. 206. In overruling CBS's objections to the order, there is little, if anything, this court can add to the Magistrate Judge's analysis.

    First, CBS argues that the order is incorrect because it does not pay heed to the federal reporter's privilege. Doc. 207 at 4-5. But, at least in the Seventh Circuit, there is no reporter's privilege in federal question cases. *See U.S. Dep't of Educ. v. NCAA*, 481 F.3d 936, 938 (7th Cir. 2007) ("There isn't even a reporter's privilege in federal cases."); *McKevitt v. Pallasch*, 339 F.3d 530, 533 (7th Cir. 2003) ("[R]ather than speaking of privilege, courts should simply make sure that a subpoena duces tecum directed to the media, like any other subpoena duces tecum, is reasonable in the circumstances, which is the general criterion for judicial review of subpoenas.").

Second, CBS argues that the order failed to "consider with special care" the costs that compelling production would impose on CBS. Doc. 207 at 6-11 (quoting *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 932 (7th Cir. 2004)). As the Magistrate Judge correctly held, Doc. 206 at 7-9, much of CBS's argument effectively, and unpersuasively, attempts to obtain recognition of a federal reporter's privilege through the backdoor of the Illinois reporter's privilege. *See Thayer v. Chiczewski*, 257 F.R.D. 466, 470 (N.D. Ill. 2009) ("[W]hat [the subpoenaed non-party] is attempting to label a 'burden' is, in reality, the articulation of the rationale courts have used to fashion a reporter's privilege. Absent a showing of actual burden, the Court is not inclined to allow [the non-party] to avoid enforcement of the subpoena with a backdoor attempt to impose a privilege."); *cf. Murdock v. City of Chicago*, 565 F. Supp. 3d 1037, 1042-44 (N.D. Ill. 2021) (seeking guidance from Illinois privilege law in circumstances where the Seventh Circuit had not resolved whether a federal privilege existed). CBS's assertion that it receives many subpoenas and that complying with subpoenas could affect its "ability to report the news," Doc. 207 at 9-10, is too generic to constitute an undue burden, as the Magistrate Judge held, Doc. 206 at 9 n.4. *See Boyer v. Gildea*, 2008 WL 4911267, at *4 (N.D. Ind. Nov. 13, 2008) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome.") (internal quotation marks omitted).

October 20, 2022

                                                  United States District Judge