IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASIA GAINES, for herself and as next friend of her minor child J.C., <br><br>Plaintiff, <br><br>vs. <br><br>THE CHICAGO BOARD OF EDUCATION, KRISTEN HAYNES, and JUANITA TYLER, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 19 C 775 |

### ORDER REGARDING TRIAL TIME LIMITS

MATTHEW F. KENNELLY, District Judge:

The Court has determined to set reasonable limits on the amount of time for the parties to present their claims and defenses during the trial, to prevent delay, ensure efficient presentation of the evidence and arguments, avoid unnecessary, cumulative, and repetitive evidence and arguments, and minimize undue burden on the jurors. It is well-established that a court has the authority to impose reasonable time limits on the parties at trial. See Fed. R. Civ. P. 16(c)(4) & (15); Fed. R. Evid. 611(a).

The Court has developed with the case from reviewing the pleadings and other documents filed in the case, the final pretrial order, and the parties' motions *in limine* and rulings on those motions, as well as from an extended discussion with counsel on June 18, 2024 regarding the trial and anticipated witnesses. Based on this and the parties' representations regarding the anticipated length of trial, the Court allocates a total of 40 hours to the trial, not counting jury selection, which the Court expects will take no more than half a day. This is based on an assumption of a 5-hour trial day and

thus amounts to (together with jury selection) a two-week trial. The Court believes that this will provide the parties with a reasonable and sufficient amount of time to present evidence and argument supporting their claims and defenses. (As indicated below, however, the actual trial day likely will include closer to 6 hours of court time.)

Trial will be held on the following dates, to the extent needed: June 20-21, June 24-28, and July 1-3, 2024, as needed (there is a possibility of not holding trial on Friday, June 28 if sufficient progress is being made before that date). The trial day typically will extend from 9:00 a.m. to 12:00 or 12:30 p.m. and from 1:00 or 1:30 p.m. (depending on the start time for the lunch break) to 5:00 p.m., with mid-morning and mid-afternoon breaks as needed. The Court reserves the right to start or end earlier or later than these times on any given day and will do its best to advise counsel in advance.

The Court will allocate half of the trial time to the plaintiff and half to the defendants, collectively (20 hours per side). Time will count against a side's allocation whenever it is questioning a witness, arguing an objection or other matters to the Court, making an opening statement or closing argument, or otherwise presenting its case. Time spent arguing evidentiary or other *in limine* matters not determined prior to the start of the trial, including the Court's review of written submissions on such matters, also will count against a side's allocation. The Court reserves the right to count any time spent after the start of the trial arguing jury instruction issues but represents that it likely will not do that absent unusual circumstances.

The Court intends to impose sub-limits on opening statements and closing arguments and directs the parties to confer and attempt to agree upon reasonable limits for these. They are to provide a proposal in this regard by April 29, 2024. These amounts will count against the parties' total time allocation, and each party is reminded

2

that it need not use the entirety of the time allocated for opening statement and closing argument.

If a party intends to read or play deposition testimony before the jury, this may require the Court to rule on objections to designated testimony. The reading and playing of deposition testimony will, of course, constitute trial time. Time will count against a side's allocation for all testimony that side has designated to be read or played. The parties are directed to confer prior to the presentation of any deposition testimony to attempt to agree upon how the time spent reading or playing the deposition should be allocated between them. In this regard, the Court encourages the parties to make best efforts to pare down deposition testimony to significant and non-repetitive matters. In addition, all time the Court spends before or during trial considering each party's objections to deposition testimony is time that would be spent in court were the witnesses being presented live. For this reason, that time will count against the side making the objection, unless and to the extent that the Court determines that the party designating the objected-to testimony has designated testimony of limited probative value or that is otherwise unduly repetitive or cumulative, in which case the time will count against the side that designated the objected-to testimony. In this regard, the Court encourages the parties to make best efforts to pare down objections so they are focused as opposed to mini laundry lists.

The Court reserves the right to adjust the total time and each side's allocation upward or downward for good cause. Good cause to reduce the allocation may include, among other things, rulings made hereafter barring or limiting claims, precluding opinion witness testimony, and excluding or limiting evidence via *in limine* rulings, and rulings made during trial. In addition, good cause to adjust an allocation downward may

include, among other things, presenting unduly cumulative testimony or evidence, unduly presenting evidence of minimal probative value, or making unwarranted objections to testimony or exhibits.

With regard to exhibits, the Court directs the parties to confer to attempt to pare down their exhibit lists, resolve foundational objections to exhibits by stipulation or otherwise, and attempt to narrow objections to exhibits to the extent reasonably possible. This is in both sides' mutual interest, as time spent during trial laying foundations and arguing foundational objections will count against the parties' allocated trial time. The Court reserves the right to impose an overall limit on the number of exhibits introduced by each side.

Further particulars of the rules for time allocation may be addressed at or before the trial.

In addition, the Court will exercise its authority pursuant to Federal Rule of Evidence 611 to require that each witness will be called only once and will not be recalled later in the case, except to rebut evidence offered later that the party wishing to recall the witness could not reasonably have anticipated. Consistent with this directive, there will be no restriction on the scope of cross-examination of a witness called by an adverse party. In addition, examination of a witness beyond redirect (beyond "recross," for a witness called by an adverse party) will not be permitted absent a showing at sidebar—for which the requesting party will be charged time—that the immediately preceding examination by the other side raised new points that the party has been unable to address adequately.

To minimize interruptions in the jury's receipt of evidence, the Court will limit the number and extent of sidebar conferences while the jury is present in the courtroom. If

a party anticipates that a matter may come up during a witness's testimony that will require discussion outside the jury's presence, the party should raise the matter beforehand at a break. Where this does not occur, and discussion outside the jury's presence is requested or is necessary, the Court may require the testimony to proceed while holding to the next break the issue to be discussed.

    Finally, the Court expects and directs counsel for both sides to advise witnesses, before they testify, regarding *in limine* rulings that may impact the witness's testimony—in particular, rulings that preclude or limit admission of evidence about which the witness might otherwise testify.

Date: April 19, 2024

                                        MATTHEW F. KENNELLY
                                        United States District Judge