## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ASIA GAINES, for herself and as next friend of her minor child, "JC," | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 19-cv-00775 |
| v. | ) ) | Judge Matthew F. Kennelly |
| | ) | |
| THE CHICAGO BOARD OF EDUCATION; KRISTEN A. HAYNES; and JUANITA TYLER, | ) ) | Magistrate Sheila M. Finnegan |
| | ) | |
| Defendants. | ) ) | **Jury Demand** |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND TRIAL WITNESS LIST IN PROPOSED FINAL PRETRIAL ORDER

Plaintiff Asia Gaines, by and through her undersigned counsel, respectfully moves for leave to amend her trial witness list in the proposed final pretrial order pursuant to Federal Rule of Civil Procedure 16(a), 16(e), 26, 37, Local Rule 16.1, and this Court's inherent authority. Plaintiff moves for leave to add witnesses 1) Kurtis Hale and 2) Chuck Little, Alex Hunstein, or Ruchi Verma, to her trial witness list. In support of this Motion, Plaintiff states as follows:

### I. FACTUAL BACKGROUND

On September 20, 2018, Defendant Juanita Tyler repeatedly beat nine-year-old JC with two leather belts in a bathroom at Tilton Elementary School in Chicago. Tyler, a distant relative of JC, was subsequently convicted of domestic battery of JC. *People v. Tyler*, 2023 IL App (1st) 210450-U. Tyler was a friend of JC's teacher, Defendant Kristen Haynes. Haynes orchestrated the beating. She contacted Tyler, arranged for her to come to Tilton unauthorized, and helped her past security and up to Haynes's classroom. Haynes then gave Tyler the two leather belts she kept in her classroom closet for disciplinary purposes. Haynes and Tyler then began the attack on

1

JC by dragging JC down the hallway to an out-of-order boys' bathroom. Using her school key, Haynes unlocked the bathroom door and held the door open to allow Tyler to enter with JC. Haynes returned to her classroom, leaving JC in the bathroom alone with Tyler and the two leather belts. Tyler then whipped JC repeatedly.

Haynes was a tenured teacher. After the beating of JC, Defendant Board of Education (Board) brought dismissal charges against Haynes, and Board attorneys prosecuted those charges before an Illinois State Board of Education hearing officer. The Board sought termination of Haynes for "one of the most worst [sic] and most egregious cases of teacher misconduct that we've had to prosecute." ECF 353 (Plaintiff's Responses to Defendants' Motions In Limine), Ex. W. Over six non-consecutive days between June 22, 2021 and April 25, 2022, the Board's attorneys presented witness testimony and evidence that Haynes had caused JC serious physical and psychological harm. *Id*.

At the same time that the Board prosecuted charges against Haynes before ISBE for the same conduct that Plaintiff alleges and that the Board denies in this case, the Board withheld evidence of Haynes's conduct and the Board's statements about her conduct from Plaintiff in the dismissal proceeding, including transcripts from three days of testimony and the Board's post-hearing brief. The Board submitted its brief on or around September 1, 2022. It did not produce its 44-page brief to Plaintiff until November 15, 2023, two days before the parties proposed final pretrial order was due. (Group Ex. 1, 11/15/23 email Shariaye to Hofeld, *et al.;* Ex. 2, Board's post-hearing brief). And although the termination hearing concluded on April 22, 2022, the Board did not produce to Plaintiff the transcripts for three days of testimony (5 witnesses), which totaled several hundred pages, until November 15, December 1 and 6, 2023. *Id*. The parties' proposed final pretrial order and motions in limine were due November 17, 2023. ECF 326.

Two days after the Board produced the last transcript on December 8, 2023, Plaintiff had to file her responses to Defendants' motions in limine. At that point, Plaintiff's deadline to file her own motions in limine had long passed. In her responses to Defendants' motions in limine, Plaintiff described Defendants' eleventh-hour disclosure and asked for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1)(C) because "Plaintiff has not yet had a basic, fair opportunity to review all of the new evidence Defendants now seek to bar." ECF 353 at 111. Plaintiff also noted that she was in the process of "reviewing the newly produced transcripts to determine whether she has suffered any further prejudice as a result of Defendants' untimely production and whether any additional sanction may be warranted." *Id.*

Defendant Haynes still has not produced her post-hearing brief to Plaintiff authored by her attorney Kurtis Hale.

Upon full review of the Board's 44-page post-hearing brief, it has become clear to Plaintiff that the attorneys who prosecuted the dismissal proceedings have testimony that is critical to the issues in this case. Ex. 2. The 44-page post-hearing brief and transcripts were disclosed well after the deadline set forth under Federal Rule of Civil Procedure 26(e) and shortly before and after the proposed final pretrial order was filed. The late production of these documents has prejudiced Plaintiff's ability to adequately prepare for trial and to list these witnesses in the proposed pretrial order, necessitating the addition of 1) Kurtis Hale and 2) Chuck Little, Alex Hunstein, or Ruchi Verma now (only one of whom would be called to testify), to address the late-produced evidence. Hale appears throughout the hearing transcripts, and repeatedly referenced the post-hearing brief he intended to file. Little, Hunstein, and General Counsel Verma's predecessor appear in the transcripts and on the signature blocks of the Board's post-hearing briefs, which contain statements regarding the evidence, liability, damages, and scope of employment that are relevant and admissible under FRE 802(d)(2)(c) and (d). Hale

and one Board attorney are necessary for Plaintiff to lay a foundation at trial to admit such evidence.

## II. ARGUMENT

The Court has not entered the final pretrial order yet. The final pretrial conference is meant for the parties and the Court to improve the quality of trial, formulate a trial plan, and facilitate the admission of evidence. FRCP 16(a) and (e). Adding witnesses to Plaintiff's list in light of Defendants' late production is supported by FRCP 16, 26, and 37 and Local Rule 16.

Although the deadline to submit the proposed final pretrial order has passed, the Court may grant leave to amend Plaintiff's witness list for good cause. FRCP 16(a)(4). Even if the Court had already entered the order, Federal Rule of Civil Procedure 16(e) allows a party to modify the final pretrial order "to prevent manifest injustice." Local Rule 16.1 encourages the finality of pretrial orders, yet it recognizes that amendments may be necessary under certain circumstances, particularly when new evidence or circumstances arise.

In this case, Defendants' delayed production of key evidence until immediately before and after the due date of the proposed final pretrial order is good cause to grant Plaintiff leave to amend her witness list. The transcripts and post-hearing briefs, which are integral to the Plaintiff's ability to effectively challenge Defendants' claims in this case, were not produced until it was too late for Plaintiff to meaningfully review them and add the witnesses to the proposed final pretrial order (or in the case of Haynes' post-trial brief, still not produced), and Plaintiff is in the midst of reviewing the production while at the same time preparing for trial. Such late disclosure violates Rule 26(e), which requires timely supplementation of discovery responses to ensure that all parties have the necessary information to prepare their cases. The Defendants had knowledge of the importance of these documents. Despite this, they failed to

4

produce the relevant transcripts and post-hearing briefs in a timely manner or at all, causing significant delay in Plaintiff's ability to identify witnesses in the proposed final pretrial order and prepare for trial.

Plaintiff requests an "appropriate sanction[]" for Defendants' late disclosure pursuant to Federal Rule of Civil Procedure 37(c)(1)(C) and this Court's inherent authority. Plaintiff requests leave to amend their witness list in the final pretrial order or, in the alternative, for the Court to take judicial notice of the dismissal proceeding transcripts and post-hearing briefs, so that these witnesses are not necessary at trial to lay a foundation and testify as to the proceedings.

### III. CONCLUSION

For the above reasons, Plaintiff respectfully requests that this Court grant her Motion for Leave to Amend her trial witness list in the proposed final pretrial order to include witnesses who can testify regarding the late-disclosed transcripts and post-hearing brief. Plaintiff requests an appropriate sanction of Defendants for their violation of the Federal and Local Rules. Amendment, or sanction, is necessary for Plaintiff to have a fair opportunity to present her case at trial.

Dated: August 15, 2024

Respectfully submitted,

By: /s/ *Maria Makar*
        Maria Makar

Al Hofeld, Jr.
Zach Hofeld
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, #3120
Chicago, Illinois 60602
(773) 241-5844
Fax - 312-372-1766
al@alhofeldlaw.com

Julia Rickert
Maria Makar

5

LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
makar@loevy.com

*Counsel for Plaintiffs*