IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASIA GAINES, for herself and as next friend of her minor child "JC," | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19 C 775 |
| CHICAGO BOARD OF EDUCATION, KRISTEN HAYNES, and JUANITA TYLER, | ) ) ) ) |
| Defendants. | ) ) |

### ORDER REGARDING REMAINING IN LIMINE ISSUES

The last remaining issue lingering from the previous judge's *in limine* rulings on which the parties sought guidance from the Court (*see* dkt. 393, 394) involves plaintiff's motion *in limine* 1. In that motion, plaintiff Asia Gaines sought to bar any argument or evidence "that defendant Juanita Tyler did not strike JC repeatedly in a washroom at his school on September 20, 2018 with one or more belts which she had obtained from defendant Kristin Haynes." *See Gaines v. Chi. Bd. of Ed.*, No. 19 C 775, slip op. at 1 (N.D. Ill. Feb. 15, 2024). Tyler was convicted in state court on a charge of battery against JC. Gaines argued that this finding, via issue preclusion, should bar the defendants from relitigating these points.

Judge Bucklo agreed, but only in part. First, she concluded that issue preclusion did not apply to defendant Chicago Board of Education, because it was not a party to the criminal proceeding. *Id.* at 2. Second, Judge Bucklo concluded that issue preclusion did not apply to defendant Kristen Haynes, because she was acquitted in the criminal case. *Id.* at 3.

Regarding defendant Tyler, Judge Bucklo concluded that the threshold requirements for issue preclusion were met "as to the facts that Tyler struck JC repeatedly in a washroom at his school on September 20, 2018 with one or more belts."[1]  *Id.*  Judge Bucklo then went on to discuss whether application of issue preclusion would be inappropriate because it would cause unfairness.  *Id.*  The defendants argued that precluding Tyler from litigating the underlying facts would unfairly prejudice the Board and Haynes and would confuse the jury.  Judge Bucklo overruled this argument.  The Court quotes her reasoning on these points in full:

> Were I to deny plaintiff's motion on grounds of unfairness and potential juror confusion, it would permit Tyler to argue the facts already decided against her anew and could lead to the anomalous result that, though Tyler was previously found beyond a reasonable doubt to have committed the relevant acts, for purposes of this trial she could be found not to have committed them simply by a preponderance of the evidence.  Such a result would stir up significant federalism concerns, since Tyler's criminal conviction was in Illinois state court. . . .
>
> Nor will holding Tyler to her conviction unduly prejudice her codefendants.  For Haynes to be liable for the acts committed by Tyler, plaintiff must prove additional facts to show that she aided and abetted Tyler or conspired with her to commit them.  And for the Board to be liable, Haynes must be found liable.
>
> In sum, Tyler has already had her day in court on these issues, and she is not entitled to a do-over simply because her codefendants might want to try their hand at arguing those issues.  Given the problems relitigation would pose, I grant the motion in part as to Tyler on the following issues:  that Tyler struck JC repeatedly in a bathroom at his school on September 20, 2018 with one or more belts.  The motion is otherwise denied.

*Id.* at 4-5.

The main point on which the parties seek guidance involve testimony by Tyler. Gaines argues that given the conviction and Judge Bucklo's ruling, "Tyler may not

---

[1] Judge Bucklo's issue preclusion determination did not include anything regarding where Tyler had obtained the belt(s).

2

contest during this civil trial that she 'struck JC repeatedly in a washroom at his school on September 20, 2018 with one or more belts.' Dkt. 364 at 3. As a result, any testimony she chooses to give cannot contradict these established facts." Pl.'s Status Report (dkt. 394) at 7. In short, Gaines asks the Court to impose a restriction on the content of testimony by Tyler. Defendants argue that this would amount to a determination that they, too, are bound by issue preclusion—which would be contrary to Judge Bucklo's ruling and would unfairly prejudice them.

Both sides make valid points, and there is no perfect resolution given the fact that this is a multiple-defendant case in which issue preclusion applies to one defendant but not the others. (The Court notes that no timely request for bifurcation of the trial or severance of parties was made by either side following Judge Bucklo's February 2024 ruling, so that possibility was long ago forfeited.) The Court has done its level best to come up with a solution that does not allow Tyler to avoid the effects of issue preclusion but does not effectively impose it upon other defendants to which it has been held not to apply.

The Court rules as follows:

- The Court will not impose an advance restriction on what Tyler may or may not say during her testimony.
- That said, *Tyler's counsel* may not elicit testimony from Tyler that is contrary to the finding of guilt and the points that Judge Bucklo found are precluded by the guilty finding. Doing so would directly contradict Judge Bucklo's issue preclusion ruling.
- If, in response to questions posed by other counsel, Tyler offers testimony that is contrary to the finding of guilt or Judge Bucklo's issue preclusion ruling, the Court

3

will instruct the jury *at that moment* that Tyler was found guilty of domestic battery after a trial and that this determination is binding upon her in the present case. In doing so, the Court will quote (or paraphrase) the determination made by Judge Bucklo regarding what facts are deemed precluded—as described above.

- This instruction will be given each and every time that Tyler offers testimony that is contrary to the finding of guilt or the matters that Judge Bucklo found are binding upon Tyler. Repetitive questioning of Tyler on these points *by any party* will be precluded pursuant to Rule 403, to avoid the needless presentation of cumulative evidence, needless repetition of the Court's limiting instruction, and the danger of jury confusion. In addition, the Court directs the defendants to coordinate with each other with an eye toward having *only one defense counsel* question Tyler regarding these matters.

- The Court precludes any and all evidence or argument that attempts to undercut, minimize, or "explain" the guilty finding against Tyler in the criminal case. Among other things, there will be no questioning, testimony, or argument regarding what testimony and other evidence was or was not presented to the factfinder in the criminal trial.

- The charging and acquittal of Haynes in the criminal case have no issue preclusive or claim preclusive effect, largely due to differences in the burden of persuasion. Evidence regarding these points is irrelevant, and even if relevant it has, at most, minuscule probative value that is overwhelmingly outweighed by the potential for jury confusion were such evidence to be offered at the trial in this case. The Court precludes any and all evidence and argument on these points.

- If requested, the Court will also give during the final jury instructions an instruction regarding the application of issue preclusion as to defendant Tyler.

Counsel are expected to instruct their clients and witnesses accordingly. The Court will not hesitate to declare a mistrial and impose other appropriate sanctions upon counsel and/or the parties and witnesses if any aspect of this order is violated.

This ruling resolves the evidentiary issues identified by the parties in their respective status reports. Defendants' status report also raises a question regarding what elements of what claims are established by the precluded facts, *see* dkt. no. 393 at 3, and says that the elements of the battery claim in this case differ from the elements of criminal battery. The latter point is not explained at all, so it has been forfeited as a matter to be determined before trial. This point will be addressed as necessary in the final instructions to the jury. As far as what exactly Judge Bucklo found to be precluded, that is quite clear from her written ruling—it's in the passage quoted above—so there is no room for doubt on that point and no legitimate need for clarification.

Date: September 3, 2024

_____
MATTHEW F. KENNELLY
United States District Judge