# **Exhibit A**
Defendants' Deposition Designation for Charlene Haynes

**Defendants' Charlene Haynes Deposition Designation**

Plaintiff's Global Objection: Plaintiff objects to evidence of pre-incident school behavioral incidents, or disciplinary history, other than the incidents the parties agreed are admissible, as such evidence would violate Judge Bucklo's ruling on MIL 10 and FRE 403.

Defendants Global Basis for Admissibility: Plaintiff's MIL 10 expressly contradicts Plaintiff's global objection. *See* ECF 323 at 29 -20 ("**Plaintiff does not dispute that JC was exhibiting mildly disruptive, ADHD-type behavior in Haynes' classroom during the month of September 2018 nor argue that this evidence should be barred**")(emphasis in original). Moreover, Judge Bucklo's ruling to Plaintiff's MIL 10 expressly allows for Defendants to introduce evidence of JC's pre-incident behavior. Judge Bucklo specifically noted the following:

> If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too, or that there was a smaller change in these aspects of JC's life after the incident than plaintiff claims. Indeed, plaintiff explicitly argues that post-September 20, 2018 incidents "are relevant to proving plaintiff's damages in the form of exacerbated ADHD, PTSD, new Depression and new Anxiety--in other words, that JC's mental health overall was dramatically worse as a result of the incident"…To determine whether there was a change in JC's mental health, the jury should be allowed to hear about the pre-incident "status quo." In short, this evidence is probative of the cause and extent of JC's claimed psychological harm, and it is not unfairly prejudicial.

ECF 364 at 13. Moreover, Plaintiff's expert Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after the September 20, 2018 incident. Thus, evidence of JC's ADHD behavior before the incident is relevant for the jury to determine whether JC's ADHD behavior was the same or exacerbated after September 20, 2018.

| Page/Line | Plaintiff Objections | Defendants' Basis for Admissibility |
|---|---|---|
| 5:19 - 6:8 | | |
| 8:3 - 17 | | |
| 9:4 - 10:20 | | |
| 11:23 – 14:16 | FRE 401, 402, 403, 106 | Relevant for laying the foundation of this witness' knowledge of JC, Kristen Haynes, and the events of what she observed on September 20, 2018. Defendants are unaware of what 403 arguments are applicable to this testimony. |
| 14:19 - 24 | FRE 401, 402, 403, 106 | Relevant for laying the foundation of this witness' knowledge of JC, Kristen Haynes, and the events of what she observed on September 20, 2018. Defendants are unaware of what 403 arguments are applicable to this testimony. |

| | | |
|---|---|---|
| 16:2 – 17:21 | | |
| 18:12 - 16 | | |
| 18:19 (starting at "He was supposed") - 21 | FRE 401, 402, 403 | This is relevant information to show when JC arrived to class on September 20, 2018. It is also relevant to show that JC was late to class constantly before September 20, 2018. Part of Plaintiff's allegations for damages is that JC had to miss school. The jury is allowed to hear that he was consistently missing school by being tardy to class before the incident to adequately assess Plaintiff's claim for damages. *See* Judge Bucklo MIL rulings, EFC 364 at 19 ("evidence of [JC]'s attendance from before the incident is necessary"). |
| 19: 3 - 7 | | |
| 20:1 - 24 | FRE 401, 402, 403, 106, 602, 701, 1002 | This testimony is relevant foundation for this witness to discuss what she observed the morning of September 20 2018. This witness has personal knowledge of all of the testimony in this designation, and she is not providing any opinion in this testimony. None of it is unfairly prejudicial as it is merely foundational testimony. FRE 1002 is inapplicable as the testimony does not refer to any writing or document. |
| 21:13 – 22:11 | FRE 401, 402, 403, 106, 602, 701, 1002 | This testimony is relevant foundation for this witness to discuss what she observed the morning of September 20 2018. This witness has personal knowledge of all of the testimony in this designation, and she is not providing any opinion in this testimony. None of it is unfairly prejudicial as it is merely foundational testimony. FRE 1002 is inapplicable as the testimony does not refer to any writing, document, or photograph. |
| 26:22 (starting at "Ms.") – 40:10 | FRE 401, 402, 403, 602, 701, 702, 611, 1002 | This testimony is relevant foundation for this witness to discuss what she observed the morning of September 20 2018, what she observed of JC's behavior in class which is relevant for damages in this case, and any opinion she has regarding JC's behavior is relationally related to her perception of JC being a student in her class. Plaintiff's expert Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after the September |

2

| | | |
|---|---|---|
| | | 20, 2018 incident. Thus, evidence of JC's behavior both before and after the incident is relevant to determine whether JC's ADHD behavior was the same or exacerbated after September 20, 2018. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too.").<br><br>This witness has personal knowledge of all of the testimony in this designation. None of it is unfairly prejudicial as it goes to the heart of Plaintiff's claim for damages. FRE 1002 is inapplicable as the testimony does not refer to any writing, document, or photograph. Defendants are unaware of what the basis for Plaintiff's 611 objection is in this designation. |
| 40:15 - 43:8 | FRE 401, 402, 602, 701, 801, 802 | This testimony is relevant to what the witness observed of JC's behavior at school which is relevant for damages in this case, and any opinion she has regarding JC's behavior is relationally related to her perception of JC being a student in her class. Plaintiff's expert Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after the September 20, 2018 incident. Thus, evidence of JC's behavior both before and after the incident is relevant to determine whether JC's ADHD behavior was the same or exacerbated after September 20, 2018. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too."). This witness has personal knowledge of all of the testimony in this designation. |

3

| | | |
|---|---|---|
| | | Without a specific page/line reference to Plaintiff's hearsay objections, Defendants assume it's JC's statements he made to the witness. Accordingly, any statements by JC are admissible under 801(d)(2)(a) as a party opponent admission, 803(1) present sense impression, 803(3) then-existing mental or emotional condition (as both parties concede JC had ADHD before the alleged incident), and 803(21) reputation concerning character. |
| 45: 8 (starting at "Do you like") – 50:8 | FRE 401, 402, 403, 801, 802 | This testimony is relevant to what the witness observed of JC's behavior and academic performance at school both before and after September 20, 2018 which is relevant for determining the damages in this case. Plaintiff's expert Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after the September 20, 2018 incident. Thus, evidence of JC's behavior both before and after the incident is relevant to determine whether JC's ADHD behavior was the same or exacerbated after September 20, 2018. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too."). Moreover Defendants' expert Dr. McNaught opines that due to JC's ADHD, his academic achievements suffered. Evidence of JC's academics post-incident is relevant to show as soon as JC left the hospital where he was receiving treatment for his ADHD, his grades declined.<br><br>None of it is unfairly prejudicial as it goes to the heart of Plaintiff's claim for damages.<br><br>There is no out of court statement offered in this designation. Without a specific page/line reference to Plaintiff's hearsay objections, Defendants only assume Plaintiff could be referring to JC "bothering other students verbally, as far as yelling at them and |

4

| | | |
|---|---|---|
| | | screaming at them" (49:21-23). That is not a statement, but rather the witnesses observation of JC's behavior. In the event the Court deems that reference as a statement, defendants assert the same hearsay exceptions as alleged in their basis for admissibility for 40:15 - 43:8 above. |
| 50:9-52:5 | | |
| 56:22 – 59:15 | FRE 401, 402, 403, 602, 701, 801, 802 | This testimony is relevant foundation for this witness to discuss what she observed of JC's behavior in class on September 20, 2018 after the alleged incident which is relevant for damages in this case, and any opinion she has regarding JC's behavior is relationally related to her perception of JC being a student in her class. Plaintiff's expert Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after the September 20, 2018 incident. Thus, evidence of JC's behavior both before and after the incident is relevant to determine whether JC's ADHD behavior was the same or exacerbated after September 20, 2018. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too."). This witness has personal knowledge of all of the testimony in this designation. None of it is unfairly prejudicial as it goes to the heart of Plaintiff's claim for damages.<br><br>Without a specific page/line reference to Plaintiff's hearsay objections, Defendants assume it's JC's statements he made to the witness. Accordingly, any statements by JC are admissible under 801(d)(2)(a) as a party opponent admission, 803(1) present sense impression, 803(3) then-existing mental or emotional condition (as both parties concede JC had ADHD before the alleged incident), and 803(21) reputation concerning character. |

5

| | | |
|---|---|---|
| 60:2 – 61:13 | FRE 401, 402, 403, 801, 802 | This testimony is relevant foundation for this witness to discuss what she observed the morning of September 20 2018, what she observed of JC's behavior in class which is relevant for damages in this case, and any opinion she has regarding JC's behavior is relationally related to her perception of JC being a student in her class. Plaintiff claims JC was crying and students were teasing him when he returned to class. This testimony refutes that and is thus critical to the defense. This witness has personal knowledge of all of the testimony in this designation. None of it is unfairly prejudicial as it goes to the heart of Plaintiff's claim for damages.<br><br>There is no out of court statement in this designation, so Plaintiff's hearsay objection is inapplicable. |
| 61:22 – 62:13 | FRE 401, 402, 403 | It's relevant foundation testimony to show what class was like when JC attended the morning of September 20, 2018. Defendants are unaware of the basis for Plaintiff's 403 objection. |
| 63:12 – 66:4 | FRE 401, 402, 403 | It's relevant foundation testimony to show what class was like when JC attended the morning of September 20, 2018. |
| 66:18 - 24 | FRE 401, 402, 403, 602 | This is relevant testimony for the foundation of the witness' memory of JC's class on September 20, 2018. The number of students in class is relevant as Plaintiff claims he was crying and being teased in class after the incident by other students. The jury deserves to hear how large of a group of students Plaintiff is referring to for damages purposes. Defendants are unaware of the basis for Plaintiff's 403 objection. This witness has personal knowledge of how many students are in her class. |
| 68:3 - 8 | FRE 401, 402, 403 | This is relevant testimony for the foundation of the witness' memory of class on September 20, 2018, and pertinent to show the jury what she would knowledge of (being only what happened in her classroom between 8:45 and 9:00 am and not anything |

| | | |
|---|---|---|
| | | in the hallway). Defendants are unaware of the basis for Plaintiff's 403 objection. |
| 68:22 – 69:9 | FRE 401, 402, 403 | Relevant foundation to what the witness was doing the morning of September 20, 2018 when JC entered her class. Defendants are unaware of the basis for Plaintiff's 403 objection. |
| 69:16 – 70:8 | FRE 401, 402, 403 | Relevant foundation to what the witness was doing the morning of September 20, 2018 when JC was in her class, and pertinent to show the jury what she would knowledge of (being only what happened in her classroom between 9:00 and 9:30 am and not anything in the hallway). Defendants are unaware of the basis for Plaintiff's 403 objection. |
| 70:12 – 72:12 | FRE 401, 402, 403, 602 | Relevant foundation to the classes JC attended the morning of September 20, 2018 post alleged-incident, including attending a class with Kristen Haynes, as well as what the witness personally observed of JC in her classroom post-alleged incident which is relevant for damages (Plaintiff claims JC was crying and being teased by student in his class directly following the alleged incident). Moreover, Plaintiff's expert Dr. Berkowitz claims JC had PTSD as a result of the alleged incident, so this testimony is necessary to refute that. It's not unfairly prejudicial as it goes to the heart of Plaintiff's claim for damages in the case. This witness has personal knowledge of her co-teaching arrangement with Kristen Haynes and her observations of JC that day. |
| 72:17 – 74:24 | FRE 401, 402, 403, 602, 801, 802 | Relevant as to what this witness observed of JC the morning of September 20, 2018 post-incident which is relevant for damages (Plaintiff claims JC was crying and being teased by student in his class directly following the alleged incident). Moreover, Plaintiff's expert Dr. Berkowitz claims JC had PTSD as a result of the alleged incident, so this testimony is necessary to refute that. Also relevant to show JC did not speak to other students about the incident. Additionally, Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after |

7

| | | |
|---|---|---|
| | | the September 20, 2018 incident. Thus, evidence of JC's behavior after the incident is relevant to determine whether JC's ADHD behavior was the same or exacerbated. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too."). <br><br> Without a specific page/line reference to Plaintiff's hearsay objections, Defendants assume it's JC's statements he made to the assistant principle. Accordingly, any statements by JC are admissible under 801(d)(2)(a) as a party opponent admission, 803(1) present sense impression, 803(3) then-existing mental or emotional condition (as this conversation took place directly following the alleged incident), and 803(21) reputation concerning character. <br><br> Any statement by the assistant principle is admissible under 803(1) present sense impression. |
| 75:22 – 77:4 | FRE 401, 402, 403, 602 | Relevant testimony of what she observed of JC's behavior on September 20, 2018 and before, which is all relevant for damages. Dr. Berkowitz claims that JC's pre-existing ADHD was exacerbated after the September 20, 2018 incident. Thus, evidence of JC's behavior both before and after the incident is relevant to determine whether JC's ADHD behavior was the same or exacerbated after September 20, 2018. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too."). None of it is unfairly prejudicial to Plaintiff as Plaintiff has made JC's demeanor in class directly |

| | | |
|---|---|---|
| | | after the alleged incident at issue in this case in his claim for damages. This witness has personal knowledge of what she observed of JC as a student in her classroom. |
| 77:14 – 78:10 | FRE 401, 402, 403. Violates the Court's ruling on Plaintiff's MIL 10. | Relevant testimony of what she observed of JC's behavior before and after the alleged September 20, 2018 incident, which is all relevant for damages. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too."). None of it is unfairly prejudicial to Plaintiff as JC's demeanor in class before the incident is necessary for the jury to consider in order to assess Plaintiff's claims for damages after the alleged incident. . *See* Judge Bucklo MIL rulings, EFC 364 at 19.<br><br>*See* also Defendants Global basis for Admissibiliy above. |
| 79:1 - 7 | FRE 401, 402, 403 | Relevant to show that JC never told this witness or any other school faculty about the alleged incident, which goes to damages and witness credibility. What JC was wearing that morning is potentially relevant to show what, if any, physical injuries the witness could see on JC. Defendants are unaware of any basis for Plaintiff's 403 objection. |
| 80:7 – 81:22 | FRE 401, 402, 403 | Relevant testimony to show the witnesses knowledge and observation of any physical injuries to JC the morning of September 20, 2018, which pertains to damages. Also relevant testimony to show JC's family life, which is relevant to the opinion by Dr. McNaught. *See* Judge Bucklo MIL Rulings, ECF 364 at 26. |
| 82:2 - 10 | FRE 401, 402, 403 | Relevant testimony to show JC's family life before the alleged incident, which is relevant to the opinion by Dr. McNaught. *See* Judge Bucklo MIL Rulings, ECF 364 at 26. Defendants are unaware of any basis for Plaintiff's 403 objection. |

9

| | | |
|---|---|---|
| 82:17 – 88:23 | FRE 401, 402, 403 | Relevant testimony to show JC's family life before the alleged incident, which is relevant to the opinion by Dr. McNaught. *See* Judge Bucklo MIL Rulings, ECF 364 at 26. It's also relevant to show JC's behavior before the alleged incident which is relevant for Plaintiff's claim for damages. *See* Judge Bucklo MIL Rulings, ECF 364 at 13 ("If plaintiff wants to present evidence to the jury that JC's behavior, demeanor, and mental health changed based on the beating, then defendants are entitled to present evidence suggesting that these claimed problems existed prior to the incident too.").<br><br>Also relevant to what this witness observed of NC the morning of September 20, 2018, which goes to Plaintiff's claim for damages as Plaintiff alleges that JC told NC about the alleged incident in the witnesses class, and that NC got upset. Finally, this testimony is relevant because the witness discusses her knowledge and experience with the no saggy pants policy at school, which goes to Haynes defense of possessing belts in her classroom to conform to the no saggy pants policy and uniform requirements at school. It also speaks to the witnesses knowledge of Kristen Haynes possession of belts. Defendants are unaware of any basis for Plaintiff's 403 objection. |
| 95:11 - 15 | FRE 401, 402, 403 | Relevant to show there is no witness bias. |
| 100:5 – 101:4 | | |
| 103:4 - 10 | | |
| 106:5 – 107:2 | | |
| 107:5 – 107:14 | FRE 401, 402, 403 | Relevant for Haynes defense to show this witness had no knowledge of Kristen Haynes threatening to use belts on students. Defendants are unaware of any basis for Plaintiff's 403 objection. |
| 108:10 - 108:22 | FRE 401, 402, 403 | Relevant for Haynes defense to show this witness had no personal knowledge of Kristen Haynes threatening to use belts on students or Kristen Haynes possessing belts. Defendants are unaware of any basis for Plaintiff's 403 objection. |

10

| | | |
|---|---|---|
| 111:24 – 113:11 | | |
| 113:18 - 20 | | |
| 114:1 – 115:22 | | |
| 119:23 – 120:8 | | |
| 124:11 - 24 | | |
| 127:2 – 8 | FRE 401, 402, 403 | Relevant only to show the jury that line of questioning from a party is over, so as not to confuse the jury. Otherwise, Defendants will agree to withdraw. |
| 135:8 - 16 | FRE 401, 402, 403 | Relevant as to Plaintiff's claim of damages in the case, as Plaintiff claims the students in this witnesses class and beyond teased JC about the alleged incident. |
| 136:2 – 4 | FRE 401, 402, 403 | Relevant only to show the jury that line of questioning from a party is over and the deposition is done, which is necessary context for the jury. |

Respectfully Submitted,

*/s/ Danielle Mikhail*

Danielle Mikhail
Hinshaw & Culbertson LLP
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
312-704-3047, O
Dmikhail@hinshawlaw.com

*Attorney for Defendant Kristen Haynes*

*/s/ Brian Kolp*

Brian Kolp
Senior Assistant General Counsel
Chicago Board of Education
Department of Law
One North Dearborn Street, Suite 900
Chicago, Illinois 60602
(P) 773-553-1312
bfkolp@cps.edu

*Attorney for Defendant Chicago Board of Education*

*/s/ Andrew Rima*
Andrew Rima
Goldman Ismail Tomaselli Brennan & Baum LLP
200 South Wacker Drive, Suite 2200
Chicago, IL 60606
Tel: 312-681-6000
arima@goldmanismail.com

*Attorney for Defendant Juanita Tyler*