**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASIA GAINES, for herself and as next friend of her minor child, "JC," | ) | No. 19 CV 775 |
| | ) | |
| Plaintiff, | ) | Hon. Matthew F. Kennelly, |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. Sheila M. Finnegan, |
| THE CHICAGO BOARD OF EDUCATION, | ) | Magistrate Judge |
| KRISTEN A. HAYNES, and JUANITA TYLER, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR MISCELLANEOUS RELIEF**

Plaintiff, through her undersigned counsel, respectfully responds as follows to defendants' motion for miscellaneous relief (dkt. # 439):

1.     In MIL 2, plaintiff moved to bar reference solely to the fact that Haynes was found not guilty of battery and child endangerment. In their response opposing the motion, defendants did not ever move or request to bar all reference to Haynes' arrest, prosecution, or criminal trial.

2.     Plaintiff counsel's brief, one-word mention yesterday of "a criminal trial against Ms. Haynes and Ms. Tyler" in a question that the witness did not answer and in response to which the Court immediately sustained defendants' objection, will not be repeated by plaintiff's counsel. Given the passing brevity of the phrase before the jury and because it will not be repeated in any form, the jury is most likely to be left with the impression that plaintiff's counsel misspoke. Plaintiff agrees with defendants on the point that, as to Haynes only, the Court can and should strike the question and instruct the jury to disregard the reference and not consider it for any purpose.

3.     However, defendants ignore that plaintiff counsel's misstep is *already highly likely to benefit defendant Haynes and hurt plaintiff.* That is because the reference, if not completely disregarded by the jury, will serve to suggest that Haynes was acquitted. The combination of the jury hearing that 1) Haynes had a criminal trial and 2) that Tyler was found guilty at a criminal trial in juxtaposition with 3) the absence of any mention that Haynes was found guilty, raises the clear inference that Haynes was acquitted. This is what Defendants wanted when they opposed plaintiff's MIL 2.

4.     Moreover, while the jury will hear over and over that Tyler was convicted and she will not be able to deny involvement, Haynes, on the other hand, will continue to be able to deny involvement in the beating without any suggestion from anyone that she was convicted. No further sanction is necessary to level the playing field for Haynes.

5.     Defendants' requested sanctions are wildly out of proportion. There is no ground for a mistrial and certainly no need for the Court to reverse its ruling on plaintiff's MIL2 barring evidence of Haynes' acquittal. As this Court previously ruled, evidence of acquittal in a criminal case is irrelevant and inadmissible in a civil case involving the same incident because it is a only negative conclusion under a much more stringent standard of proof; Haynes was *not affirmatively found not to have committed* her acts by a preponderance of the evidence. Admitting the acquittal would inject confusion for the jury.

6.     Finally, defendant Tyler was unaffected by plaintiff's counsel's misstep yesterday. There was and is no possible prejudice to her from the reference, and she should not get a windfall. The Court should deny defendants' groundless request to reverse its ruling on plaintiff's MIL 1 and exclude all evidence of Tyler's criminal conviction and its *res judicata* effect.

WHEREFORE, plaintiff respectfully requests that this Court enter an Order (a) denying defendants' motion, except as to an instruction that the jury disregard yesterday's reference to Haynes' criminal trial; and (b) for any further relief that the Court deems just.

Date: September 10, 2024

RESPECTFULLY SUBMITTED,

By: /s/ *Al Hofeld, Jr.*
      Al Hofeld, Jr.

Al Hofeld, Jr.
Zach Hofeld
LAW OFFICES OF AL HOFELD, JR., LLC
53 W. Jackson Blvd., Suite 432
Chicago, IL 60604
(773) 241-5844
al@alhofeldlaw.com
zach@alhofeldlaw.com

Julia Rickert
Maria Makar
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
julia@loevy.com
makar@loevy.com

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I, Al Hofeld, Jr., an attorney, certify that on September 10, 2024, I filed the foregoing

Motion using the Court's CM/ECF system, which effected service on all counsel of record.


<u>/s/Al Hofeld, Jr.</u>