**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ASIA GAINES, for herself and as next friend of her minor child, "JC," | ) | No. 19 CV 775 |
| | ) | |
| Plaintiff, | ) | Hon. Matthew F. Kennelly, |
| | ) | District Judge |
| v. | ) | |
| | ) | Hon. Sheila M. Finnegan, |
| THE CHICAGO BOARD OF EDUCATION, | ) | Magistrate Judge |
| KRISTEN A. HAYNES, and JUANITA TYLER, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

<u>**PLAINTIFF'S MOTION TO DESIGNATE**</u>

Plaintiff, through her undersigned counsel, respectfully moves this Court to declare minor witnesses "K.B." and "K.K.B." unavailable pursuant to Federal Rule of Evidence ("FRE") 804(a)(5) and admit the testimony that each gave at Haynes's dismissal hearing as "former testimony" pursuant to FRE 804(b)(1). In support, Plaintiff states as follows:

1.	On September 20, 2018, Defendant Tyler repeatedly beat Plaintiff's son, nine-year-old "J.C.," with two leather belts in a bathroom at Tilton Elementary School in Chicago. *People v. Tyler*, 2023 IL App (1st) 210450-U. Plaintiff contends that Tyler's beating of J.C. was orchestrated by J.C.'s fourth-grade teacher, Defendant Haynes. Plaintiff contends Haynes kept the belts in a closet in her classroom *for disciplinary purposes*. On the day of the incident, Haynes removed the belts from the closet and gave them to Tyler. Haynes then helped Tyler to drag J.C. down the hallway to an out-of-order boys' bathroom, where Haynes, using her school key, unlocked the bathroom door and allowed Tyler to enter with J.C. Haynes returned to her classroom, leaving J.C. in the bathroom alone with Tyler and the two leather belts. Tyler then whipped JC repeatedly with the belts.

2.     Defendant Haynes admits that she kept the two belts in her classroom closet but denies that the belts were for disciplinary purposes. Haynes claims instead that the belts were for students whose pants were sagging. She also denies ever threatening students with the belts. Further, she denies that it was widely known around school that she threatened to give the belts to the parents of misbehaving students to use to discipline their children.

3.     To refute Haynes's testimony, Plaintiff intends to call to the stand several students, specifically "K.B.," "K.K.B.," "J.L," and "S.C.," who also were in Haynes's fourth-grade class at Tilton Elementary School.

4.     Importantly, Defendant Board called each of these students to testify before an Illinois State Board of Education ("ISBE") hearing officer in support of the Board's efforts to terminate Haynes's employment. Each student gave powerful testimony that collectively refuted Haynes' contention that the belts were for kids whose pants were sagging and were used only to assist students with dress code violations. Their testimony further highlighted Haynes's practice of threatening students with the belts and the widespread knowledge that she used the belts for disciplinary purposes.

5.     Plaintiff recently received the full name and current contact information of these students. (Dkt. 402.) Plaintiff has expended considerable effort to procure the testimony of K.B., K.K.B., J.L., and S.C. at trial. As a result of those efforts, Plaintiff presently expects J.L. and S.C. to appear to testify at trial on Wednesday, September 11, 2024.

6.     However, Plaintiff's efforts to procure the attendance at trial of K.B. and K.K.B. have not been successful. First, with respect to K.B., Plaintiff retained an investigator, who made contact with K.B. on behalf of Plaintiff's counsel. Thereafter, a call was held between one of Plaintiff's counsels and the mother of K.B., who initially expressed willingness to comply with a

trial subpoena and allow her daughter to testify at trial. On August 21, 2024, Plaintiff's served a trial subpoena for K.B.'s testimony on K.B.'s mother, who accepted service on K.B.'s behalf. *See* Exhibit A (Proof of Service for K.B.). In serving the trial subpoena on K.B.'s mother, however, K.B.'s mother indicated that she had spoken with K.B., that K.B. wanted nothing to do with testifying at trial, and that K.B.'s mother would not allow K.B. to testify at trial. Nevertheless, Plaintiff's counsel continued to follow up with K.B.'s mother. To avoid harassing K.B.'s mother, Plaintiff ceased all calls for approximately one week. Plaintiff resumed calling on September 8, 2024. To date, neither K.B. nor her mother have returned Plaintiff's counsel's calls or voicemails.

7. Second, with respect to K.K.B., Plaintiff's investigator sought to speak with K.K.B. and/or K.K.B.'s mother or father at the address provided to Plaintiff by Defendant Board. However, those efforts were unsuccessful. Still, Plaintiff continued to investigate. Eventually, Plaintiff discovered that K.K.B. no longer resides at the address provided by the Board. Rather, K.K.B. presently resides in North Carolina.[1]

8. FRE 804(b)(1) allows a court to admit the "former testimony" of an "unavailable" witness. FED. R. EVID. 804(b)(1); *United States v. Salerno*, 505 U.S. 317, 3 (1992); *United States v. Reed*, 227 F.3d 763, 766 (7th Cir. 2000). For this hearsay exception to apply, Plaintiff broadly must show, first, that the witness is "unavailable" within the meaning of FRE 804(a) and, second, that the unavailable witness's prior testimony is "former testimony" within the meaning of FRE 804(b)(1). FED. R. EVID. 804(b)(1). Here, Judge Bucklo has already ruled that the dismissal hearing testimony of K.B. and K.K.B. is "former testimony" within the meaning of

---

[1] Plaintiff would be happy to provide the address to the Court if necessary but refrains from doing so in this motion out of respect for the privacy of K.K.B. and his family.

FRE 804(b)(1). Dkt. 364 at 34-35. So the sole issue before the Court is whether K.B. and K.K.B. are "unavailable" under FRE 804(a).

9. K.B. and K.K.B. are "unavailable" within the meaning of FRE 804(a)(5)(1). As the Seventh Circuit has long emphasized, "the rule is not that the [proponent of the prior testimony] must do everything it can to get a witness to testify," but rather "only that it make a *reasonable, good faith effort* to get the witness into court." *United States v. Reed*, 227 F.3d 763, 767 (7th Cir. 2000) (emphasis added). It is a question of reasonableness. "'The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness.'" *Id.* (quoting *Ohio v. Roberts*, 448 U.S. 56, 74 (1980)).

10. Here, K.B. and K.K.B. are unavailable because Plaintiff has made a reasonable, good-faith effort to procure the attendance of both to no avail and is without reasonable further means to procure their attendance. Therefore, their dismissal hearing testimony is admissible under FRE 804(b)(1).

11. On September 8, 2024, Plaintiff's counsel provided to defense counsel their proposed page and line designations of K.B.'s and K.K.B.'s dismissal hearing testimony.

12. On September 9, 2024, defense counsel provided their objections to Plaintiff's page and line designations and proposed their own page and line designations of K.B.'s and K.K.B.'s dismissal hearing testimony.

13. Accordingly, Plaintiff respectfully requests that the Court declare K.B. and K.K.B. unavailable under FRE 804(a)(5) and admit their dismissal hearing testimony pursuant to FRE 804(b)(1).

14. Alternatively, Plaintiff requests that the Court allow her to present K.B.'s and K.K.B.'s dismissal hearing testimony in lieu of live testimony under FRE 807, which doesn't

4

include a requirement that the witness be unavailable, so the Court would not need to determine whether Plaintiff has satisfied Rule 804(a)(5). The residual exception is satisfied if (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. *Phillips v. Mega Concrete Constr.*, LLC, No. 20-CV-658-JDP, 2022 WL 1014495, at *3 (W.D. Wis. Apr. 5, 2022). To determine whether evidence is sufficiently trustworthy, this Court considers several factors, including the character of the witness for truthfulness and honesty; whether the testimony was given voluntarily, under oath, subject to cross-examination and a penalty for perjury; the witness's relationship to the parties; the extent to which the witness's testimony reflects his personal knowledge; whether the witness ever recanted his testimony; and the existence of corroborating evidence. *United States v. Moore*, 824 F.3d 620, 622–23 (7th Cir. 2016). Here, each one of these factors weighs heavily in favor of admission of the *sworn* dismissal hearing testimony of K.B. and K.K.B., each of whom are neutral third parties, were subjected to cross-examination, have not recanted their testimony, and whose testimony is corroborated by other evidence.

15. If the Court were inclined to deny either of the foregoing requests, Plaintiff would respectfully request that the Court enter an order commanding K.B. and K.K.B. to appear to testify at trial on Friday, September 13, 2024 and, if necessary, for that order to be enforced by the United States Marshals Service.[2]

---

[2] To be clear, Plaintiff's position is that use of U.S. Marshals to procure the attendance of two third-party witnesses who are fifteen years old is not reasonable. Plaintiff only requests this relief to the extent that her foregoing requests are denied.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order finding minor witnesses K.B. and K.K.B. unavailable pursuant to FRE 804(a)(5) or, alternatively, FRE 807 and admitting K.B.'s and K.K.B.'s dismissal hearing testimony at Haynes's dismissal hearing as "former testimony" pursuant to FRE 804(b)(1); or, in the alternative, Plaintiff requests that this Court enter an order commanding K.B. and K.K.B. to appear to testify at trial on Friday, September 13, 2024.

Date: September 11, 2024                    RESPECTFULLY SUBMITTED,

                                            By:  /s/ *Zachary J. Hofeld*
                                                 Zachary J. Hofeld

                                            Al Hofeld, Jr.
                                            Zach Hofeld
                                            LAW OFFICES OF AL HOFELD, JR., LLC
                                            53 W. Jackson Blvd., Suite 432
                                            Chicago, IL 60604
                                            (773) 241-5844
                                            al@alhofeldlaw.com
                                            zach@alhofeldlaw.com

                                            Julia Rickert
                                            Maria Makar
                                            LOEVY & LOEVY
                                            311 N. Aberdeen, Third Floor
                                            Chicago, IL 60607
                                            (312) 243-5900
                                            julia@loevy.com
                                            makar@loevy.com

                                            *Counsel for Plaintiff*

6

## **CERTIFICATE OF SERVICE**

I, Zachary J. Hofeld, an attorney, certify that on September 10, 2024, I filed the foregoing

Motion using the Court's CM/ECF system, which effected service on all counsel of record.


/s/Zachary J. Hofeld