**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ASIA GAINES, for herself and as next friend of her minor child, "JC," | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  19-cv-00775 |
| v. | ) ) | Judge Matthew F. Kennelly |
| THE CHICAGO BOARD OF EDUCATION; KRISTEN A. HAYNES; and JUANITA TYLER, | ) ) ) ) | Magistrate Sheila M. Finnegan |
| Defendants. | ) | **Jury Demand** |

**PLAINTIFF'S MOTION IN LIMINE TO BAR ALL TESTIMONY,**
**ARGUMENT AND INNUENDO REGARDING PLAINTIFF'S FAILURE**
**TO MITIGATE JC'S DAMAGES FOR PAIN AND SUFFERING**

Plaintiff Asia Gaines moves *in limine* to bar all testimony, argument, and innuendo that Plaintiff, JC, his father, or any other family member did not do enough to mitigate non-economic damages for JC. As the Seventh Circuit has long held, mitigation "is not required for intangible losses." *Tyus v. Urban Search Mgmt*., 102 F.3d 256, 264 (7th Cir. 1996).

Plaintiff brought this suit on behalf of her minor son, JC. As the trial has progressed, it has become abundantly clear that Defendants are pursuing a theory that Plaintiff did not do enough to mitigate damages for her minor son's non-economic injuries inflicted by Defendants, despite that such an argument is improper under Seventh Circuit law.

The damages Plaintiff will ask the jury to award will be strictly for noneconomic harms, such as pain and suffering.

The Seventh Circuit's rule makes good sense. Mitigation is a reasonable requirement for plaintiffs seeking concrete, economic damages for past losses. When a tenant breaks a lease, the

1

landlord simply must try to find another tenant. Intangible losses, by contrast, are not straightforward, and how to effectively mitigate such losses is rarely obvious. Must a sad plaintiff exercise more? Must a plaintiff in pain take pain pills regardless of side effects or risk of addiction? How much counseling is enough for a plaintiff with psychological harms? Arguments about mitigation for intangible losses would ask courts and juries to determine what would have fixed a complex problem when even experts cannot say with any confidence what would have happened if a different course of treatment had been pursued.

For exactly this reason, other courts also reject mitigation defenses lodged against intangible injuries. In *Erickson v. Biogen, Inc*., the defendant "contend[ed] that Plaintiff has failed to exercise enough, do yoga, and see a mental health specialist, and these choices amount to a failure to mitigate her mental health issues." 417 F. Supp. 3d 1369, 1387 (W.D. Wash. 2019). The Court "decline[d] Defendant's invitation to prescribe a specific exercise or mental health regimen . . . ." *Id*. The same reasoning holds for physical injuries accompanying psychological harm. *See Hartsell v. Dietz*, 3:20-CV-588-MGG, 2023 WL 6382578, at *10 (N.D. Ind. Sept. 30, 2023) (striking defendants' mitigation of damages affirmative defense and rejecting argument that plaintiff's injuries were "physical and tangible," where §1983 plaintiff was attacked in his cell and sought compensatory and punitive damages for his injuries).

The Court should shut down Defendants' backdoor attempt to introduce irrelevant evidence about Plaintiff's actions to support a theory that is legally improper. Although Defendant Haynes and Defendant Board did list failure to mitigate among their affirmative defenses, that defense applies only to economic harms, and Plaintiff represented at the final pretrial conference that she is pursuing non-economic damages. Transcript of Final Pretrial Conference at 55:25–57:7 (Aug. 16, 2024). As a result, the defense is no longer applicable.

Moreover, Defendants have proposed no mitigation-related jury instruction. Under the circumstances, failure to mitigate must be off the table.

To be clear, Plaintiff recognizes that arguments about causation and the degree of injury JC suffered are fair game. But a person does not "cause" an injury by failing to mitigate it.

For the above reasons, Plaintiff respectfully requests for an order barring evidence, testimony, argument, or innuendo that Plaintiff, JC, or anyone in his family did not do enough to mitigate damages.

Respectfully submitted,

By: /s/ *Maria Makar*
     Maria Makar

Al Hofeld, Jr.
Zach Hofeld
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, #3120
Chicago, Illinois 60602
(773) 241-5844
Fax - 312-372-1766
al@alhofeldlaw.com

Julia Rickert
Maria Makar
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
makar@loevy.com

*Counsel for Plaintiffs*

3